UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN REPROGRAPHICS COMPANY, LLC and BP INDEPENDENT REPROGRAPHICS, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 04 C 7674 |
| v. | ) ) ) | Judge John W. Darrah |
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES, GARY STEWART, MARC CRADY, and ELIZABETH MURRAY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, American Reprographics Company, LLC and BP Independent Reprographics (collectively, "ARC"), filed suit against Defendants, Merrill Lynch Business Financial Services ("MLBFS"), Gary Stewart, Marc Crady, and Elizabeth Murray, alleging breach of contract, fraudulent inducement, unjust enrichment, and contribution. Before the Court are Plaintiffs' Motion to Remand and Defendants' Motion to Transfer Venue.

### BACKGROUND

A reading of Plaintiffs' Complaint supports the following summary of the alleged conduct of the parties.

Louis Frey Company, Inc. is a reprographics company servicing customers in the New York area. In 1998, Frey entered into a loan and security agreement with MLBFS, which Frey defaulted

upon in 2002. In September 2002, MLBFS executed a Forbearance Agreement with Frey; and around the same time – Seymour Weiner, the sole shareholder, director, owner and CEO of Frey – gave an unconditional guaranty to MLBFS for $500,000 of its debt.

In March 2003, ARC signed a Letter of Intent to purchase the Louis Frey Company. The Letter of Intent had two notable provisions: (1) ARC would pay the existing defaulted MLBFS loan of approximately $4.6 million and (2) ARC would not purchase Louis Frey unless Louis Frey met the standards of normal due diligence, retained its key managers, and there were no material adverse changes to the business.

ARC decided not to purchase Louis Frey after due diligence; and, instead, both parties entered into an alternative agreement where ARC would manage Louis Frey for a fixed period of time during which ARC would attempt to reverse Louis Frey's financial deterioration. If ARC's attempts were successful, then ARC would have the option to purchase the company.

On May 7, 2003, Louis Frey and MLBFS met and discussed the arrangement between ARC and Louis Frey. At this time, the first Forbearance Agreement between Louis Frey and MLBFS had expired. MLBFS encouraged Frey to enter into the agreement with ARC, and ARC finalized and executed the management agreement in reliance on that consent by MLBFS.

On June 4, 2003, ARC and MLBFS held a meeting to discuss the arrangement between ARC and Louis Frey. MLBFS and Frey signed a new Forbearance Agreement on the loan at that time. MLBFS denies that they supported the arrangement between ARC and Louis Frey up until Louis Frey's bankruptcy became imminent.

2

On August 7, 2003, ARC notified MLBFS of the necessity for Louis Frey to seek protection under Chapter 11 bankruptcy. On the same day, MLBFS faxed a confirmation letter to ARC regarding the management agreement.

On August 22, 2003, Louis Frey filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York. MLBFS was Louis Frey's largest secured creditor.

On September 26, 2003, ARC terminated its management relationship with Louis Frey.

On October 10, 2003, MLBFS filed Adversary Proceeding No. 03-91486 against ARC. ARC answered MLBFS's amended complaint and asserted counterclaims.

On October 16, 2003, the Bankruptcy Court converted the Chapter 11 proceeding to a Chapter 7 liquidation.

On July 19, 2004, the appointed Chapter 7 Trustee for the Debtor filed an amended complaint in adversary proceeding 04-03365 against ARC. ARC filed counterclaims against the Trustee and MLBFS for contribution in that action.

On October 20, 2004, ARC filed the instant suit in the Circuit Court of Cook County, Illinois. On November 24, 2004, Defendants filed a Notice of Removal in the United States District Court for the Northern District of Illinois on the basis that the case is related to the bankruptcy proceeding of the Louis Frey Company, Inc. in the United States Bankruptcy Court for the Southern District of New York.

Plaintiffs seek to remand this suit back to the Circuit Court of Cook County, alleging that there is no jurisdiction under 28 U.S.C. §1334. Defendants seek to transfer this suit to the United States District Court for the Southern District of New York, alleging that the present suit is related to the pending bankruptcy proceeding in that district.

## ANALYSIS

28 U.S.C. §1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b). The "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. §157(a). Internal Operating Procedure 15(a) for the Northern District of Illinois provides that "pursuant to 28 U.S.C. §157(a), any and all cases under Title 11 U.S.C. and any and all proceedings arising under Title 11 U.S.C. or arising in or related to any case under Title 11 U.S.C. are referred to the bankruptcy judges of this District."

Thus, in order for jurisdiction to exist in the federal court in this district, the lawsuit must fit under at least one of three categories: (1) arising under Title 11, (2) arising in Title 11, or (3) related to a case under Title 11.

The present case does not arise under or in Title 11 of the U.S. Code. ARC alleges four state law claims: breach of contract, fraudulent inducement, unjust enrichment, and contribution. Although Defendants allege that the present lawsuit "arises in" the bankruptcy case because approximately half of the allegations in Plaintiffs' Complaint concern post-petition conduct; the Plaintiffs seek redress for actions that commenced prior to the bankruptcy filing. The state law claims asserted in the complaint are rooted in the Defendants' alleged pre-petition conduct and exist

4

independent of the bankruptcy proceeding. Further, Defendants' contention that the current lawsuit is "near-verbatim" of the Plaintiffs' counterclaim in the Trustee's adversary proceeding is not persuasive. The counterclaims asserted in the Trustee's adversary proceeding are, in the main, allegations of the Trustee's misconduct. MLBFS is implicated only to the extent that it collaborated with the Trustee. The four claims asserted in the present lawsuit do not exist in the counterclaims of the Trustee's adversary proceeding. This lawsuit fails to arise in or under Title 11 of the U.S. Code. Thus, it must be "related to" a case under Title 11 in order to establish jurisdiction.

A "related" claim is a claim involving the debtor or a third party that is based on non-bankruptcy law, typically a state law claim, which will impact the estate of the debtor or the allocation of property among creditors. *See In re Chapman*, 269 B.R. 201, 206 (N.D.Ill. 2001); *Janazzo v. Fleetboston Fin. Corp.*, 2002 U.S. Dist. LEXIS 451, 2002 WL 54541 (N.D. Ill. Jan. 15, 2002). Thus, the lawsuit must either (1) impact the estate of the debtor or (2) affect the allocation of property among creditors. The present case fails to do either.

Plaintiffs seek damages from Defendants, a creditor in the bankruptcy case. Plaintiffs do not seek damages from the estate of the debtor. Although the conduct alleged in the present case is related to the conduct alleged in the adversary proceedings in the bankruptcy case, damages will not be collected from the debtor's estate. Thus, the present lawsuit will not impact the estate of the debtor.

Further, the present lawsuit will not affect the allocation of property amongst creditors. If successful, Plaintiffs will collect damages from Defendants, just one of the creditors in the

bankruptcy case. Defendants' claim against Louis Frey, based upon their loan made in 1998, will be unaffected by the present lawsuit. This lawsuit will have no effect on the allocation of property amongst creditors.

Thus, the present lawsuit does not arise in, under, nor is related to the bankruptcy case of the Louis Frey Company pending in the Southern District of New York. This court does not have jurisdiction over the present lawsuit pursuant to 28 U.S.C. §1334.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is granted. Defendants' Motion to Transfer Venue is denied as moot. This case is remanded to the Circuit Court of Cook County for further proceedings.

Dated: March 16, 2005

JOHN W. DARRAH
United States District Judge